Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022


**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian Esq, (SBN: 249203)
ak@kazlg.com
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NINA AFRASIABI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>                    PLAINTIFFS,<br><br>V.<br><br>**HSBC BANK USA, N.A.,**<br><br>              DEFENDANT. | CASE NUMBER: '12CV0685 MMA POR<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. NINA AFRASIABI ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of HSBC BANK USA, N.A., and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain wire-tapping, eavesdropping, recording and listening equipment in order to record, monitor or listen to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording, monitoring, and/or eavesdropping upon its telephone conversations with California residents.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper under 28 U.S.C. § 1332 because Plaintiff is a resident of California and Defendant is a resident of Buffalo, NY. As the damages equal $5,000 per call, pursuant to Penal Code § 637.2(a), and Plaintiff

believes that thousands of telephone calls took place between Plaintiff, the Class Members and Defendant in the statutory class period, the amount in controversy far exceeds that of $75,000.00 seeks relief on behalf of a state-wide class with Defendant being from a separate State, New York. Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under 28 U.S.C. § 1332 present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendants do business within the State of California and the County of San Diego.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address is One HSBC Center, 27th Floor, Buffalo, NY 14203. Defendant has a policy and practice of recording and/or monitoring telephone conversations with the public, including California residents. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including California residents.

## FACTUAL ALLEGATIONS

7. Defendant is, and at all times mentioned herein was, a corporation. Plaintiff is informed and believes, and on the basis of that information and belief

alleges, that at all times mentioned in this Complaint, Defendants were the agents and employees of their codefendants, and in doing the things alleged in this Complaint, were acting within the course and scope of that agency and employment.

8. At all times relevant, Plaintiff was an individual residing within the State of California.

9. On or about March 10, 2012, at approximately 8:03 a.m. Plaintiff received a telephone call on her cellular telephone from Defendant where a certain employee, officer and/or agent of Defendant by the name of Nina was calling about an alleged delinquency on a credit card. This conversation with Plaintiff was, without Plaintiff's knowledge or consent, recorded, monitored, and/or eavesdropped upon by Defendant, causing harm and damage to Plaintiff. Only at the end of the conversation, after having talked to Defendant, when Plaintiff inquired if the call was being monitored and/or recorded did Defendant disclose that Defendant was in fact recording the call. At no time during this call did Plaintiff give his consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

10. This call was a confidential communication and at no time during this call did Plaintiff give her consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

11. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had a policy and a practice of recording and/or monitoring telephone conversations with consumers. Defendant's employees and agents are directed, trained and instructed to, and do, record, monitor, and/or eavesdrop upon telephone conversations with the public, including Plaintiff and other California residents.

12. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has installed and/or caused to be installed

**Class Action Complaint for Damages     - 4 of 15 -**

certain wire-tapping, eavesdropping, and listening equipment in its employees' or agents' telephone lines. Defendant uses these devices to overhear, record, and listed to each and every telephone conversation on said telephone lines.

13. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendant has had all of its calls to the public, including those made to California residents, recorded, monitored, and/or eavesdropped upon without the knowledge or consent of the public, including Plaintiff and other California residents.

14. Defendant's conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code § 630 *et seq*.

### CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("The Class").

16. Plaintiff represents, and is a member of, The Class defined as follows: "All persons in California whose inbound and outbound telephone conversations were monitored, recorded, eavesdropped upon and/or wiretapped without their consent by Defendant within the four years prior to the filing of the original Complaint in this action."

17. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

18. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the

KAZEROUNI LAW GROUP, APC
Santa Ana, California

right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

19. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

20. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls;

   b. Whether Defendant discloses to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded, wiretapped, eavesdropped upon and/or monitored;

   c. Whether Defendant's policy of recording, wiretapping, eavesdropping upon and/or monitoring incoming and/or outgoing calls constituted a violation of California Penal Code §§ 631(a), 632(a) and/or 637;

   d. Whether Defendant's policy of recording, wiretapping, eavesdropping upon, and/or monitoring incoming and/or outgoing calls constitutes a violation of California Business and Professions Code §§ 17200 *et seq.*;

   e. Whether Defendant's policy of recording, wiretapping, eavesdropping upon, and/or monitoring incoming and/or outgoing calls constitutes an invasion of privacy;

   f. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

   g. Whether Defendants should be enjoined from engaging in such conduct in the future.

21. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the grater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

22. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interests antagonistic to any member of The Class.  Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

23. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, The Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

24. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

25. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

# FIRST CAUSE OF ACTION
### INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 630 *ET SEQ.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, we believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation. *Kearney v. Salmon Smith Barney, Inc.,* (2006) 39 Cal. 4th 95, 125.

28. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

29. Plaintiff is informed and believes and thereupon alleges that Defendant employed and/or caused to be employed certain wire-tapping, eavesdropping,

recording, and listening equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

30. Plaintiff is informed and believes and thereupon alleges that all these devises were maintained and utilized to overhear, record, and listen to each and every incoming and outgoing telephone conversation over said telephone lines.

31. Said wire-tapping, listening, recording, and eavesdropping equipment was used to record, monitor, or listen to the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code §§ 631(a) and/or 632.6(a).

32. At no time that these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the interceptions, eavesdropping, wire-tapping, listening, and recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

33. Defendant, knowing that it was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq*., did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned intercepting, eavesdropping, wire-tapping, listening, and recording activities relative to the telephone conversations between Plaintiff The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

34. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

35. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION
## INVASION OF PRIVACY: COMMON LAW

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. Defendant invaded Plaintiff the members of The Class' right to privacy by intentionally allowing the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversation with Plaintiff and the members of The Class and negligently maintaining the confidentiality of the information of Plaintiff and the members of The Class, as set for above.

38. The intrusion through the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversations with Plaintiff and the members of The Class and the negligently maintaining of the confidentiality of the information of Plaintiff and The Class, was offensive and objectionable to Plaintiff, the Class, and to a reasonable person of ordinary sensibilities.

39. The intrusion was into a place or thing which was private and which is entitled to be private, in that Plaintiff and The Class' personal conversations and information provided to Defendant were made privately, were intended not to be recorded, and were intended to be kept confidential and protected from unauthorized disclosure.

40. As a proximate result of Defendant's above acts, Plaintiff and The Class' personal conversations and information were intentionally wire-tapped, eavesdropped, recorded, and listened to, and then distributed and used by persons without prior written authorization, and Plaintiff and The Class

suffered general damages in an amount to be determined at trial according to proof.

41. Defendant is guilty of oppression, fraud, or malice by permitting and intentionally wire-tapping, eavesdropping, recording, and listening to Plaintiff and The Class' personal conversations and information with a willful and conscious disregard of Plaintiff and The Class' right to privacy.

42. Unless and until enjoined and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiff and The Class great and irreparable injury in that the personal information maintained by Defendant can be distributed and used by unauthorized persons. Plaintiff and members of The Class have no adequate remedy at law for the injuries in that a judgment for monetary sanctions will not end the invasion of privacy for Plaintiff and The Class.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant, as aforesaid herein, has various statutory and common law duties not to engage in the aforementioned wire-tapping, eavesdropping, recording, and listening conduct such that Plaintiff and The Class' rights to privacy were invaded and breached.

45. Defendant negligently and recklessly engages in the aforementioned eavesdropping, wiretapping, recording, and listening conduct of Plaintiff and The Class.

46. These activities of Defendant as aforesaid in this cause of action and in this Complaint, legally caused actual, statutorily-imposed and/or demonstrable damages to Plaintiff and The Class.

47. As a result of Defendant's activities as aforesaid in this cause of action and Complaint, Plaintiff and The Class suffered damage as a result of the conduct of Defendant. Plaintiff and The Class are entitled to their damages in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. As a result of Defendant's violations of California Penal Code §§ 631(a) and/or 632.6(a), as set forth above, and Defendant's violation of California Business and Professions Code § 17200, as set forth below, Plaintiff and The Class have suffered an injury in fact by, among other things, having their personal information recorded without their prior permission or consent, as required by California Penal Code § 630 *et seq.* Additionally, Plaintiff and The Class have lost property in that Plaintiff and The Class suffered and are each entitled to the greater of statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a), or three times actual damages per violation pursuant to Penal Code § 637.2(a).

50. Defendant's conduct in violation of California Penal Code §§ 631(a) and/or 632.6(a), as set forth above, violates California Business and Professions Code § 17200 in the following respects:

    a. Defendant's conduct of overhearing, recording, and listening to each and every incoming and outgoing telephone conversation with Plaintiff and The Class without their prior consent, as set forth above, constitutes an

unlawful business practice because Defendant's conduct violates California Penal Code §§ 631(a) and/or 632.6(a); and

    b. Defendant's conduct of overhearing, recording, and listening to each and every incoming and outgoing telephone conversation with Plaintiff and The Class without their prior consent, as set forth above, constitutes an unfair business practice because Defendant's practice is unethical, unscrupulous, and substantially injurious to consumers. The harm to Plaintiff and the members of The Class outweighs the utility, if any, of Defendant's practices.

51. Defendant's unlawful and unfair business practices, as described above, present a continuing threat to Plaintiff and the Class since Defendant continues to overhear, record, and listen to each and every incoming and outgoing telephone conversation with California residents, including Plaintiff and The Class without their prior consent. Plaintiff and The Class have no other adequate remedy of law in that absent equitable relief from the Court, Defendant is likely to continue to injure California residents, and thus engendering a multiplicity of judicial proceedings.

52. Pursuant to Business & Professions Code § 17203, Plaintiff and The Class seek an order of this Court for equitable and/or injunctive relief in the form of an order instructing Defendant to prohibit the overhearing, recording, and listening to of each and every incoming and outgoing telephone conversation with California residents, including Plaintiff and The Class without their prior consent and to maintain the confidentiality of the information of Plaintiff and The Class. Plaintiff and The Class also seek the recovery of attorney's fees and costs in prosecuting this action against Defendant under Code of Civil Procedure § 1021.5 and other applicable law.

//
//

# PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

1. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

2. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

3. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

4. That the Court preliminarily and permanently enjoin Defendant from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

5. For general damages according to proof;

6. For special damages according to proof;

7. For exemplary or punitive damages;

8. For costs of suit;

9. For prejudgment interest at the legal rate; and

10. For such further relief as this Court deems necessary, just, and proper.

//
//
//
//

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: March 15, 2012                    **Kazerouni Law Group, APC**


By:  /s Abbas Kazerounian
     Abbas Kazerounian
     Attorneys for Plaintiff


**HYDE & SWIGART**

By:  /s Joshua B. Swigart
     Joshua B. Swigart

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Nina Afrasiabi, Individually and on Behalf of all others Similarly Situated

## DEFENDANTS
HSBC Bank USA, N.A.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Buffalo, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'12 CV 0685 MMA POR

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kazerouni Law Group, APC; 2700 N. Main Street, Suite 1000
Santa Ana, CA 92705 (800) 400-6808

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
California Penal Code §§ 630 et seq · 28:1331 - Federal Question (JMD)
Brief description of cause:
Invasion of Privacy

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,001.00+
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 03/21/2012
SIGNATURE OF ATTORNEY OF RECORD: s/Abbas Kazerounian

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE